**In the Matter of the Application of THE PROCTER & GAMBLE COMPANY, Petitioner, For an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery, Pursuant to the Federal Rules of Civil Procedure, of Respondents Kimberly–Clark Corporation, Kimberly–Clark Worldwide, Inc., Paul T. Van Gompel, Jody D. Surprise, Robert J. Schleinz, Georgia L. Zehner, and Thomas J. Mielke** [1]

No. 04–MC–46.

United States District Court, E.D. Wisconsin.

Sept. 1, 2004.

---

1. P & G also named Leona G. Boland as a respondent but has since dropped her from the case. I have amended the caption accordingly.

**1113**

against it in the United Kingdom, France, The Netherlands, Germany and Japan. In its suits in Europe, KC alleges that P & G's product, Pampers EASY UP pants, infringes KC's European patent 0 320 991 B1 ("the '991 patent"), which describes a disposable absorbent garment suitable for use as a child's training pant or adult incontinence garment. KC makes a similar claim in its suit in Japan. P & G's defenses to the suits are that it is immune from suit for infringement of the '991 patent based on the settlement of KC's 1993 action against it in The Netherlands and, alternatively, that the '991 patent is invalid. P & G states that the discovery it seeks is relevant to these defenses. Respondents oppose P & G's application.

## II. DISCUSSION

### A. Standard of Review of § 1782(a) Request

■ Section 1782(a) provides that a court of "the district in which a person resides or is found may order him to give his testimony or statement or to produce a document ... for use in a proceeding in a foreign ... tribunal ... upon the application of any interested person." Thus, the statute "authorizes, but does not require" district courts to provide assistance to interested persons in proceedings abroad. *Intel Corp. v. Advanced Micro Devices, Inc.,* — U.S. —, —, 124 S.Ct. 2466, 2473, 159 L.Ed.2d 355 (2004). In the present case, it is undisputed that the threshold requirements of § 1782(a) are met. Respondents are found in this district. Proceedings are presently pending in five foreign tribunals, and the discovery is sought for use in those proceedings. Further, as the defendant in those proceedings, P & G is an interested person within the statute.

Charles Crueger, Milwaukee, WI, Kenneth Adamo, Cleveland, OH, Paul Linn, Cleveland, OH, for Plaintiff.

Daniel T. Flaherty, Appleton, WI, William Baumgartner, Jr., Chicago, IL, for Defendant.

## DECISION AND ORDER

ADELMAN, District Judge.

### I. BACKGROUND

Petitioner The Procter & Gamble Company ("P & G") brings this action pursuant to 28 U.S.C. § 1782(a) for the purpose of obtaining discovery from respondents Kimberly–Clark Corporation ("KC"), Kimberly–Clark Worldwide, Inc., and KC employees Paul T. Van Gompel, Jody D. Surprise, Robert J. Schleinz, Georgia L. Zehner, and Thomas J. Mielke (collectively "respondents") for use in patent infringement suits that KC has commenced

■ Although in *Intel* the Supreme Court made no attempt to set forth a comprehensive list of considerations to guide a district court's discretion under § 1782(a), it did identify a number of factors that a court could consider. *See id.* at 2473. First, it indicated that a court may consider whether the person from whom discovery is sought is a participant in the foreign litigation. If so, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Id.* at 2483. Second, a district court "*may* take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to · U.S. federal court judicial assistance." *Id.* (emphasis added). The Court appears to have refined this consideration into an inquiry as to whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Id.* In connection with this factor, the Court also noted that "unduly intrusive or burdensome requests may be rejected or trimmed." *Id.* Besides the two factors listed above, at other points in its opinion the Court alluded to two other considerations: maintaining parity between the parties and ensuring that discovery does not jeopardize the business secrets and other confidential information of the party subject to it. *Id.* at 2484. In connection with parity, the Court indicated that a party which itself is not subject to § 1782(a) should not be given an unfair advantage and that a court might condition the receipt of § 1782(a) discovery on the requestor's agreement to provide reciprocal discovery. *Id.* at 2482.

■ In support of its request, P & G argues that it meets the threshold requirements of the statute and that considerations of efficiency, cost and convenience strongly support its request. Specifically, P & G states that the discovery is needed for use in five · separate actions on two continents, and that in some of these actions it faces deadlines that make discovery pursuant to § 1782(a) more efficient than attempting to utilize various foreign discovery procedures. KC bases its opposition to P & G's request on the *Intel* factors. In determining whether to grant § 1782(a) discovery, a district court should consider the factors identified in *Intel* and any other relevant factors and ask whether, taken as a whole, the reasons supporting the request are more persuasive than those offered in opposition to it. In short, when it exercises its discretion under § 1782(a), a district court should have "a good reason." *Kestrel Coal Pty. Ltd. v. Joy Global, Inc.,* 362 F.3d 401, 406 (7th Cir.2004). In the present case, I conclude that the reasons supporting the request are more persuasive than those offered in opposition. To explain why I reach this conclusion, I turn to KC's arguments based on the *Intel* factors.

## B. KC's Argument Based on *Intel* Factors

### 1. Participation in the Foreign Actions

KC argues first that because both it and P & G are participants in the foreign proceedings, P & G can obtain discovery in those proceedings and should not receive § 1782(a) discovery until it has exhausted its discovery opportunities in such proceedings. It also argues that the foreign courts in which the actions are pending are in a better position to determine whether the documents sought are relevant than is a district court in the United States. As an alternative to § 1782(a) discovery, KC proposes that P & G seek relevant documents in the action pending in the United Kingdom and then use such documents in

the other foreign actions. KC also proposes that instead of deposing its employees pursuant to § 1782(a), P & G should take trial testimony from such employees via videolink between the United Kingdom and Wisconsin. However, on the facts of the present case, granting P & G's request is a more sensible way of addressing discovery than is KC's proposed solution.

KC's proposal is inefficient and possibly ineffective. It is more efficient for a court located in the Eastern District of Wisconsin to order discovery from persons located in such district than to force P & G to seek the same discovery in as many as five foreign actions and return to this court if its efforts fail.[2] KC's proposal may also be ineffective for it is unclear whether P & G could obtain discovery in the UK action in time to use it in the actions in France, Germany, The Netherlands and Japan. In addition, KC's proposal that instead of deposing its employees, P & G take trial testimony from them via videolink does not provide P & G with a reasonable alternative to § 1782(a) discovery. As KC's counsel acknowledged at oral argument, taking a witness's pretrial deposition is much different than examining a witness at trial.

■ Additionally, the fact that a foreign tribunal may be in a better position than a district court to assess whether discovery is relevant is not a reason to deny a § 1782(a) request. In considering a § 1782(a) application, a district court need not determine whether the requested discovery is admissible in a foreign proceeding because admissibility generally goes beyond the threshold question of discoverability. *See John Deere Ltd. v. Sperry Corp.*, 754 F.2d 132, 136 (3d Cir.1985). Under § 1782(a), a district court need only

determine whether the requested discovery would be useful. Further, even if a district court cannot determine the precise content of the applicable foreign substantive law, it may well be able to understand such law sufficiently to distinguish a request for useful discovery from a request that is designed merely to burden an opponent. Frequently, the foreign law at issue will relate to a subject familiar to the district court. This is so in the present case, where KC's foreign suits involve patent and contract law. If a district court cannot understand the foreign law sufficiently to distinguish a genuine request from a pretextual one, it might consider taking expert testimony or it might simply deny the request. However, the present case is not of this type. As I discuss below, P & G's request seeks useful information and is not unduly burdensome.

Thus, KC's argument that P & G's request should be denied because it has not exhausted opportunities for discovery in the foreign actions is unpersuasive.

### 2. Circumvention of the Policies of Foreign Governments

KC also argues that P & G's request should be denied because it seeks broader discovery than is permitted in the foreign proceedings and thus is an attempt to circumvent foreign proof-gathering restrictions. Specifically, KC asserts that in order to reduce litigation costs, the countries in which the actions are pending have adopted policies against broad discovery and that granting P & G's request would circumvent such policies. However, in *Intel,* the Supreme Court rejected a categorical foreign discoverability requirement;

---

2. The fact that P & G seeks discovery located within this district for use in litigation in five foreign cases distinguishes the present case from *Kestrel,* in which the Seventh Circuit found that the requestor failed to identify a good reason for its request inasmuch as the discovery sought was located in Australia and had been found by an Australian court to be unnecessary.

thus, the mere fact that P & G seeks discovery that is unavailable under foreign law is not a basis for denying its application. *See Intel,* —— U.S. at —— – ——, 124 S.Ct. at 2480–82. As noted in *Intel,* "[a] foreign nation may limit discovery within its domain for reasons peculiar to its own legal practices, culture, or traditions—reasons that do not necessarily signal objection to aid from United States federal courts." *Id.* at 2481. Rather, to decline a § 1782(a) request based on foreign nondiscoverability, a district court must conclude that the request would undermine a specific policy of a foreign country or the United States. *Id.* at 2483.[3] Granting P & G's request would not have this effect. Granting discovery under § 1782(a) would not undermine the policies of foreign governments in favor of low discovery costs because as a general rule it imposes no costs on such governments or on their inhabitants. Section 1782 applies only to litigants who reside or are found within the United States, i.e., litigants normally subject to American discovery procedures and their attendant costs.[4] Further, foreign courts are not obliged to consider evidence obtained pursuant to § 1782(a); thus, allowing the discovery will not burden such courts with evidence that they deem irrelevant. Accordingly, P & G's request does not undermine the policies of the countries in which KC's suits are pending.

### 3. Unduly Burdensome

KC also argues that P & G's request is unduly burdensome because much of the discovery it seeks is inadmissible in the foreign actions. As discussed above, however, § 1782(a) requires only that the discovery sought be useful, not that it be admissible. Further, the material that P & G seeks would be discoverable in a district court, because it is either relevant to the issues presented or reasonably likely to lead to relevant evidence. *See* Fed. R.Civ.P. 26(b)(1). Perhaps KC's best-founded objections are to P & G's requests for information relating to products not tested or sold by KC and information that, at least at one time, was available to the general public. However, in both instances the information sought is discoverable because it may be relevant to the existence of invalidating prior art. Further, the fact that information may once have been publicly available is not a bar to discoverability. KC has not shown that such information is obtainable from a more convenient, less burdensome, or less expensive source than its own files. *See* Fed.R.Civ.P. 26(c)(2)(i). I note also that although P & G seeks extensive discovery, the actions KC initiated involve large sums. Finally, KC previously produced most of the documents that P & G seeks in an arbitration in which the parties agreed that discovery would not be used in other proceedings. Thus, much of what P & G seeks could be supplied merely by modifying such agreement. Thus, I cannot conclude that the burden or the expense of complying with the request outweighs its likely benefit. *See* Fed.R.Civ.P. 26(b)(2)(iii). Accordingly, I conclude that P & G's request is not unduly burdensome or intrusive.

---

**3.** *Schmitz v. Bernstein Liebhard & Lifshitz, LLP,* 376 F.3d 79 (2d Cir.2004), provides an example of such a case. There, the German government requested that a district court deny a § 1782(a) request to avoid compromising an ongoing criminal investigation in Germany and violating the rights of potential defendants. *Id.* at 81–82, 84. Because the German government was "obviously unrecep-

tive to the judicial assistance of an American federal court," the court affirmed the district court's denial of the § 1782(a) request. *Id.* at 84–85.

**4.** KC and P & G are both large American corporations accustomed to American litigation procedures.

#### 4. Confidentiality

KC also argues that P & G's request should be denied because its business secrets could not be kept confidential inasmuch as French and German courts rarely enter orders designed to protect the secrecy of information. However, there are a number of ways that the documents that KC is concerned about could be kept confidential. First, the parties could come to an agreement on the confidentiality of discoverable documents. For example, P & G could agree not to submit any § 1782(a) discovery to the French or German courts unless it first obtains rulings from such courts that the information will be kept confidential. Even if a foreign court would not enforce such an agreement, the parties could specify that the contract was enforceable in the courts in the United States. Another option would be for me to retain jurisdiction of the matter for the purpose of enforcing the confidentiality agreement. I possess sufficient tools to ensure that confidential discovery material is not publicly disclosed. *Cf. Intel,* —— U.S. at ——, 124 S.Ct. at 2484.

#### 5. Reciprocal Discovery

Finally, KC urges that I not allow any § 1782(a) discovery unless P & G agrees to reciprocal discovery within this district. In *Intel,* the Supreme Court stated that if a district court was concerned about maintaining parity between litigants in a foreign action, it could condition a grant of § 1782(a) discovery on the requestor's agreeing to reciprocal discovery. *Id.* at 2482. In the present case, there are no reciprocity concerns of the type discussed in *Intel* because KC is free to initiate its own § 1782(a) action.

### III. STAY PENDING APPEAL

■ KC asks that I stay my order pending appeal. I have discretion to stay an order granting injunctive relief pending an appeal of such order. *See Scripps–*

*Howard Radio v. F.C.C.,* 316 U.S. 4, 9–10, 62 S.Ct. 875, 86 L.Ed. 1229 (1942) ("It has always been held, therefore, that as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal."). In determining whether to issue a stay, I must consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987). "A stay will be granted if the balance of equities favors this action and when the moving party can demonstrate a substantial likelihood of success on the merits upon appeal." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2904, at 502–03 (2d ed.1995) (footnotes omitted). "Because the burden of meeting this standard is a heavy one, more commonly stay requests will not meet this standard and will be denied." *Id.* at 503–05 (footnotes omitted).

■ I decline to stay my order pending appeal. First, because my decision to grant P & G's application will be reviewed for an abuse of discretion, *see Schmitz,* 376 F.3d at 81, it is unlikely that KC will succeed on the merits of its appeal. Second, although KC's appeal may become moot if the § 1782(a) discovery is completed prior to the appeal's resolution, *see McKevitt v. Pallasch,* 339 F.3d 530, 531 (7th Cir.2003), it is also likely that P & G will be unable to use the discovery effectively if it is not obtained prior to fast approaching deadlines in the foreign actions. Thus, KC's low likelihood of success

on the merits of its appeal combined with the irreparable harm that P & G is likely to suffer if my order is stayed weighs against a stay. Third, the public interest favors allowing the discovery because doing so furthers the search for the truth in the foreign actions and, as noted, allowing such discovery does not circumvent the policies of any foreign country or the United States. Accordingly, KC's request for a stay pending appeal is denied.

## IV. CONCLUSION

For the stated reasons, I conclude that § 1782 discovery is appropriate in this case.

**THEREFORE, IT IS ORDERED** that P & G's application pursuant to § 1782(a) is **GRANTED.**

**IT IS FURTHER ORDERED** that all discovery in this case will be governed by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that if the parties cannot agree on a protective order, each party should file a proposed order before September 15, 2004 and I will enter an appropriate order.

**IT IS FURTHER ORDERED** that Leona G. Boland be **DISMISSED** as a respondent in this action.

**FINALLY, IT IS ORDERED** that KC's request for a stay pending appeal is **DENIED.**